STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss.                                 CIVIL ACTION
                                                  DOCKET NO. AP-21-13


MAPLE HILL ESTATES LLC                            NOV 17 '21 PM3:11
                                                  ANDRO SUPERIOR COURT


VS.                                    DENIAL OF APPEAL


BRUCE PLUMMER



        This matter is an appeal of a judgment for forcible entry and detainer issued by the

District Court in Lewiston on September 1, 2021.

        During the pendency of this matter, Defendant was being held in custody at the

Androscoggin County Jail. Prior to the hearing, Defendant wrote to the court requesting to be

transported to court for the hearing. The court denied the request but ordered the Defendant

could participate telephonically, and the call-in information was provided. Hearing on the

complaint was held September 1, 2021. Defendant failed to appear in person or by phone, and

judgment for forcible entry and detainer was entered by the court, granting possession of 22

Dunlop Avenue, Mechanic Falls, Maine to Plaintiff. On September 13, 2021, the District Court

issued a writ of possession.

        On September 15, 2021 Defendant filed with the District Court a handwritten letter

indicating he would "like to appeal my recent eviction...". In his letter Defendant explained that

he was not allowed to participate in the hearing because he was not transported from the county

                                                                                              1

jail to court on the day of the hearing. He also stated his stepfather had paid a sum of money to the Plaintiff prior to the hearing.[1] According to the Docket Record, this letter was apparently viewed as an incomplete filing, with the notation in the docket record being "No appeal paperwork with letter". On September 16, 2021, Defendant filed with the court another handwritten letter again explaining why he had missed court. On September 30, 2021 Defendant filed with the District Court a Notice of Appeal and Affidavit, utilizing the court form specific for forcible entry and detainer actions. In the appeal form, Defendant asserted that the Plaintiffs acted in bad faith, but he did not set forth questions of law being appealed, nor did Defendant request a jury trial de novo.

Upon review of this record, the court accepts the handwritten letter filed September 15, 2021 as a notice of appeal, notwithstanding it not being on court forms, as it was the earliest filing made by the Defendant. None the less, that notice of appeal is still untimely. 14 M.R.S.A. § 6008(1) states "The time for filing an appeal of the judgment of the District Court expires upon the issuance of the writ of possession pursuant to section 6005 or 30 days from the time the judgment is entered, whichever occurs first. The writ of possession had already been issued on September 13, 2021. Accordingly, the letter the Defendant filed on September 15, 2021, as well as all subsequent filings, were beyond the time for filing an appeal.

In addition, upon reviewing all of the post-judgment filings made by Defendant, none of them make a request for a jury trial de novo. So, had Defendants notice of appeal been timely, appeal would only be allowed on questions of law. M.R. Civ. P. 76D; M.R. Civ. P. 80D(f). But there are no errors of questions of law presented on the record before the court. See *Portfolio*

---

[1] If given a liberal reading, the Defendant's handwritten letter could potentially be viewed as a motion for relief from judgment pursuant to M.R. Civ. P. 60(b), but it does not appear this letter received any court action and was viewed as an incomplete filing.

*Recovery Assoc. v. Chenard,* 2020 Me. Super. LEXIS 28. The court further notes that if the first handwritten letter filed by the Defendant on September 15, 2021 was liberally interpreted as a motion for relief from judgment, there was no order made or action taken by the District Court, which is the court that would have jurisdiction to address such a motion, for this court to review.

Accordingly, Defendant's appeal is Denied.

The Clerk is instructed to incorporate this order into the docket per M.R.Civ.P. 79(a).

Dated: November 17, 2021

Harold Stewart
Justice, Superior Court